**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **BRANDON WADDELL,** | |
| **Plaintiff,** | **Civil Action No. 7:13-cv-00431** |
| **v.** | **MEMORANDUM OPINION** |
| **PAUL KEISER,** | **By:    Hon. Michael F. Urbanski** |
| **Defendant.** | **United States District Judge** |

 Brandon Waddell filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, while incarcerated on August 7, 2013, and he was released from incarceration a week later. After Plaintiff filed his notice of release, the United States District Court for the Eastern District of Virginia transferred the action to this court.  Because Plaintiff could no longer pay the filing fee via installments from a prison trust account, the court ordered Plaintiff to either pay the balance of the outstanding filing fee or file some other response.  Plaintiff replied that he was poor but wanted to continue to prosecute the action.  On November 21, 2013, the court ordered Plaintiff to file an application to proceed in forma pauperis on form AO 239, which accompanied the Order mailed to Plaintiff's last known address, within seven days.  That Order was returned to the court on December 9, 2013, as, "Undeliverable: Moved.  Left no Address.  Unable to forward.  Return to Sender."  Plaintiff has not contacted the court since October 23, 2013.

 Federal courts may "act[] on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962).  Furthermore, "[t]he Federal Rules

of Civil Procedure recognize that courts must have the authority to control litigation before

them. . . ."  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)); see

Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a

district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

Plaintiff has not continued correspondence with the court, maintained an accurate address

of record, or complied with the court's November 21, 2013, Order.  See, e.g., Carey v. King, 856

F.2d 1439, 1441 (9th Cir. 1988) (recognizing that a pro se plaintiff bears the burden of

maintaining an accurate address of record and a court has no obligation to track down a

plaintiff's whereabouts before dismissing an action for failing to prosecute).  In light of

Plaintiff's failure to inform the court or the United States Postal Service of a forwarding address

where he can receive the court's orders, any subsequent order to update the address or grant an

extension of time would be futile as it would be similarly returned to the court as undeliverable.

Accordingly, the court finds that Plaintiff has abandoned this action and dismisses the action

without prejudice for failure to prosecute.

Entered:  December 12, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge